Charles Walzer, Appellant-Respondent, v. Morris B. Rettner, Respondent-Appellant.

First Department, June 14, 1960.

*Michael M. Kirsch* of counsel (*Goodman & Mabel,* attorneys), for appellant-respondent.

*Marvin L. Levitt* of counsel (*Melvin J. Katz* with him on the brief; *Marvin L. Levitt,* attorney), for respondent-appellant.

*Per Curiam.* The first two causes of action of the complaint were dismissed at the end of the plaintiff's case, when both sides rested. The first cause alleged a species of tortious interference with plaintiff's negotiations for the purchase of a real estate mortgage. The second cause alleged common-law fraud in connection with a joint venture agreement between the parties looking to the purchase of the afore-mentioned mortgage.

While the evidence in support of these two causes is far from impressive, and the damages allegedly suffered appear dubious, a prima facie case was made out on each of the first two causes. Plaintiff testified that defendant had agreed to pay him a finder's fee of $5,000 for bringing to his attention the opportunity for both of them to purchase, at a radically reduced price, the first mortgage. If defendant had in fact agreed to pay such finder's fee as an inextricable part of the joint venture, plaintiff was justified in insisting upon its payment before or upon paying his half of the purchase price of the mortgage. Issues of fact were presented that should have been submitted to the jury.

At the close of the case plaintiff moved for a directed verdict as to the third cause of action, which was granted, although

defendant did not join in the motion. This cause of action alleged breach of the agreement to pay the finder's fee. Although, as indicated, defendant did not elect to call any witnesses on his behalf, plaintiff's showing on the third cause was not conclusive enough to warrant the direction of a verdict; and this cause likewise should have been submitted to the jury.

The judgment should be reversed, on the law and on the facts, and a new trial directed, with costs upon the appeal and cross appeal to abide the event.

Botein, P. J., Rabin, Valente, McNally and Bastow, JJ., concur.

Judgment unanimously reversed, on the law and on the facts, and a new trial is directed, with costs upon the appeal and cross appeal to abide the event.